JUDGE McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CIV 8219

-------------------------------------------------------X

DOMINIK OSTROWSKI and ADAM PULAPA,       )
                                          )
                                          )
                          Plaintiffs,     )
                                          )
          -against-                       )
                                          )
THE CITY OF NEW YORK; NEW YORK CITY       )
POLICE DETECTIVE PAUL FLAVIO, Shield No.  )
6923; JOHN DOES and RICHARD ROES,         )
                                          )
                          Defendants.     )

-------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

RECEIVED
NOV 13 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.      This is a civil action in which the plaintiffs, DOMINIK OSTROWSKI and ADAM

PULAPA, seek relief for the defendants' violation of their rights secured by the Civil Rights Act

of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth

and Fourteenth Amendments and by the laws and Constitution of the State of New York.  The

plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an

award of costs and attorneys' fees, and such other and further relief as this court deems equitable

and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.      The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiffs each filed timely Notices of Claim with the Comptroller of the City of New York on September 23, 2011, within 90 days of their arrests and the accompanying abuse by the police complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.     Plaintiffs at all times relevant herein were residents of the State of New York, County of Richmond.

8.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk

2

attaches to the public consumers of the services provided by the New York City Police Department.

9.     Defendants FLAVIO and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants FLAVIO and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants FLAVIO and JOHN DOES are sued individually and in their official capacity.

10.     Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

Defendants RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     On August 16, 2011, approximately 7:30 p.m., Plaintiffs were hanging out at a Mobil gas station located at the intersection of Victory Boulevard and Manor Road in Staten Island.

12.     This gas station is close to where Plaintiffs lived, and they often hung out there.

13.     As Plaintiffs backed out of the gas station in Plaintiff PULAPA's car, they were stopped by approximately 4-6 JOHN DOES plainclothes police officers, including, on information and belief, Defendant FLAVIO.

14.     On information and belief the Defendant Officers were a part of the New York City Police Department's Narcotics Bureau Staten Island.

15.     Plaintiffs were ordered out of the car, and the Defendant officers searched the car without Plaintiffs' consent.

16.     The Defendant Officers also searched inside Plaintiffs' pockets, and inside their bags, without their consent.

17.     The Defendant Officers were very aggressive and intimidating.

18.     The Defendant Officers aggressively asked Plaintiffs if they smoked weed (i.e., marijuana).

19.     The Defendant Officers also took offense that Plaintiff OSTROWSKI (who is a friendly, warm individual) was smiling at them.

20.     The Defendant Officers called Plaintiff OSTROWSKI "Smiley," and mockingly debated amongst themselves what drug they surmised he must have been on to be smiling so.

4

21.     The Defendant Officers also asked Plaintiffs' national origin, and when Plaintiff OSTROWSKI responded (Plaintiff PULAPA's English is poor) that it was Polish, the Defendant Officers implied that the Polish police would have beaten them up due to the smile.

22.     The Defendant Officers also called Plaintiff OSTROWSKI a "smart ass."

23.     The Defendant Officers found 2 empty prescription bottles (from which Plaintiff OSTROWSKI had removed the label) that Plaintiff OSTROWSKI had used to store his entirely lawful, non-prescription caffeine pills or asthma medication.

24.     When the Defendant Officers asked about the empty prescription bottles, Plaintiff Ostrowski explained that he had used them to store his entirely lawful non-prescription caffeine pills or asthma medication.

25.     Neither Plaintiff had any illegal drugs anywhere on him, or in his bags, or in the vehicle.

26.     The Defendant Officers lied to Plaintiff OSTROWSKI, and told him that Plaintiffs had been in the gas station bathroom, which they claimed to have found to be suspicious.

27.     This was a complete lie – neither of the Plaintiffs had been in the gas station bathroom at all that night.

28.     Plaintiffs were arrested by the Defendant Officers, for supposedly possessing a controlled substance.

29.     Plaintiffs were handcuffed, with excessive tightness, and placed in a police van.

30.     Plaintiffs were driven around in the van for approximately two hours, subjected to excessively tight handcuffing all the while, while the Defendant Officers collected other arrestees.

31.     While Plaintiffs were held in the van, the Defendant Officers went to Dunkin'

5

Donuts.

32.     Plaintiffs were then taken to a police precinct on Staten Island, and held overnight at the precinct.

33.     Plaintiff OSTROWSKI's asthma inhaler was taken from him by the Defendant Officers when he was arrested.

34.     Plaintiff OSTROWSKI continuously requested his asthma inhaler while he was in custody at the precinct, but his requests were ignored.

35.     Plaintiff OSTROWSKI had difficulty breathing while he was in police custody, because he was denied the use of his asthma inhaler.

36.     The Defendant Officers told Plaintiff OSTROWSKI that if he had an asthma attack, then Plaintiff PULAPA should scream for help, and at that point they would get him an ambulance.

37.     The next morning, approximately 9-10 a.m., Plaintiffs were released from police custody with Desk Appearance Tickets, requiring their appearance in court on September 16, 2011.

38.     The Defendant Officers knew, when they arrested Plaintiffs, that whatever residue existed inside Plaintiff OSTROWSKI's pill bottles was not cocaine.

39.     When Plaintiffs returned to the car (which was still at the Mobil station) after their release from custody, they found that the Defendant Officers had left a narcotics field testing kit entitled "904 Reagent for Cocaine Salts and Base" in the trunk of the car.

40.     The Defendant Officer's had trashed Plaintiff PULAPA's car during the course of their search.

6

41.    When Plaintiffs arrived at court on September 16, 2011, Plaintiffs were informed that the Richmond County District Attorney's office had declined to prosecute them.

42.    Neither of the Plaintiffs had ever been arrested before in their lives.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

43.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

44.    By their conduct and actions in falsely arresting and imprisoning, abusing process against, maliciously prosecuting, assaulting and battering, violating and retaliating for the exercise of rights to free speech and association of, violating the rights to equal protection of law of, unlawfully searching and seizing the property of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account and /or evidence surrounding the August 16, 2011, incident regarding Plaintiffs, Defendants FLAVIO and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

45.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

46.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

48.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

49.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

51.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

8

acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employee police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

52.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

53.    At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or the attempted destruction of evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

54.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

9

## FOURTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

55.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

56.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

57.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

58.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59.     By the actions described above, defendants did inflict assault and battery upon plaintiffs.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

61.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62.     By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiffs, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

### INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65.     By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to

plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

### CONVERSION

67.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68.     Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiffs' right of possession in their property, and/or in exercising unauthorized possession and/or ownership over plaintiffs' property, defendants wrongfully converted plaintiffs' property.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## NINTH CLAIM

### ABUSE OF PROCESS

70.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

12

71. By the conduct and actions described above, defendants employed regularly issued process against plaintiffs compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSOCIATION

73. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74. By the actions described above, defendants violated the free speech rights of plaintiffs and retaliated against plaintiffs for the exercise of their rights to free speech and association. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered

specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENCE

76.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

79.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

80.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants.  The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

14

81.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

### THIRTEENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

82.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83.     By the actions described above, defendants violated plaintiffs' rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

### FOURTEENTH CLAIM

### CONSTITUTIONAL TORT

85.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86.     Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

87.     A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

88.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTEENTH CLAIM

## MALICIOUS PROSECUTION

89.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

90.     By the actions described above, defendants maliciously prosecuted plaintiffs without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

91.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, the Plaintiffs demand the following relief jointly and severally against all of the defendants:

       a.  Compensatory damages;

       b.  Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated:       New York, New York
             November 13, 2012

                                        JEFFREY A. ROTHMAN, Esq.
                                        Law Office of Jeffrey A. Rothman
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiffs

17