UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DOMINIK OSTROWSKI and ADAM PULAPA,

                                Plaintiffs,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DETECTIVE PAUL FAZIO, Shield No. 6923; JOHN DOES and RICHARD ROES,

                              Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND PAUL FAZIO**

12-cv-08219-CM

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants The City of New York and Detective Paul Fazio, for their answer to the amended complaint ("complaint"), respectfully allege, upon information and belief, as follows.

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to bring this action and to invoke the jurisdiction of the Court as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        4. Paragraph "4" of the complaint is a demand for trial by jury, which requires no response.

        5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to lay venue as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City received a document purporting to be a Notice of Claim on September 23, 2011 for Adam Pulapa and September 23, 2011 for Dominik Ostrowksi and that more than 30 days have elapsed since the document was received and that plaintiffs' claims have not been paid or adjusted.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York and that the City of New York maintains a Police Department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that on August 16, 2011 Paul Fazio was employed by the City of New York as a police officer, respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department, admit that plaintiffs purport to sue defendant Fazio individually and in his official capacity, and state that "acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant The City of New York, were acting for, and on behalf of, and with the power and authority vested in them by The City of New York and New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties" are legal conclusions, rather than averments of fact, and therefore require no response.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that the car in which plaintiff were seated was approached by police officers.

14. Deny the allegations in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that the car in which plaintiff were seated was searched at some point.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that the plaintiffs were searched at some point.

17. Deny the allegations in paragraph "17" of the complaint.

18. Deny the allegations in paragraph "18" of the complaint.

19. Deny the allegations in paragraph "19" of the complaint.

20. Deny the allegations in paragraph "20" of the complaint.

21. Deny the allegations in paragraph "21" of the complaint.

22. Deny the allegations in paragraph "22" of the complaint.

23. Deny the allegations in paragraph "23" of the complaint, except admit that prescription bottles were found.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that the plaintiffs were arrested.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that the plaintiffs were handcuffed.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that the plaintiffs were driven in the van for some period of time.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that the plaintiffs were taken to a precinct.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint, except admit that the plaintiffs were issued Desk Appearance Tickets.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. In response to the paragraph marked "43" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the paragraph marked "46" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the paragraph marked "49" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the paragraph marked "55" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the paragraph marked "58" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. In response to the paragraph marked "61" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. In response to the paragraph marked "64" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. In response to the paragraph marked "67" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. In response to the paragraph marked "70" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. In response to the paragraph marked "73" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. In response to the paragraph marked "76" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. In response to the paragraph marked "79" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. In response to the paragraph marked "82" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. In response to the paragraph marked "85" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. In response to the paragraph marked "89" of the complaint, defendants repeat the responses set forth in the previous paragraphs as though fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

92. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

93. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

94. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

95. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

96. There was reasonable suspicion to stop plaintiffs and probable cause for plaintiffs' arrest, detention, and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

97. Plaintiffs provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

98. Punitive damages cannot be awarded against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

99. This action may be barred in whole or in part by the applicable limitations period.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

100.	Plaintiffs' claims may be barred in whole or in part because plaintiffs have failed to comply with all conditions precedent to suit under state law.

### **AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

101.	At all times relevant to the incident defendant Officer Paul Fazio acted reasonably and in the proper and lawful exercise of his discretion.

### **AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

102.	Defendant Officer Paul Fazio has not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore is protected by qualified immunity.

### **AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

103.	Plaintiffs have failed to comply with New York General Municipal Law §§ 50(e), 50(h), and/or 50(i).

**WHEREFORE,** defendants City of New York and Officer Paul Fazio request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 22, 2013

    MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants City of New York, Officer Paul Fazio
100 Church Street
New York, New York 10007
(212) 788-1177

By:      /s/
    LINDA MINDRUTIU (LM0801)
    Assistant Corporation Counsel
    Special Federal Litigation Division

To:   <u>BY ECF</u>
    Jeffrey Rothman